**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

JOVANNI LYN RODRIGUEZ,

      Plaintiff,

      v.

TRACEY NIXON and RICHARD
RICARDO GUILLEN,

      Defendants.

CAUSE NO.: 2:26-CV-239-TLS-AZ

**OPINION AND ORDER**

On May 22, 2026, the pro se Plaintiff Jovanni Lyn Rodriguez filed a Complaint [ECF No. 1] in the instant action, alleging among other things misrepresentation. This matter is before the Court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Forma Pauperis, dismisses without prejudice the Plaintiff's complaint for failure to state a claim, and grants the Plaintiff leave to file an amended complaint, if appropriate.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give

security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Complaint lists two Defendants: Tracey Nixon and Richard Ricardo Guillen. ECF No. 1. It also contains the following sentences: "This person is a liar and also broke she doesn't have the right to go against the judge"; "My judge is name is Judge Thomas Stafaniak"; "Tracey Nixon needs to be in a wheelchair she is crippled"; "Can't walk or bring me my son under her condition"; "She is handicapped"; "Also, had an affair with my boyfriend to whom it may concern to be the father of my son"; "Also, with Ariel Perez"; "She is a friend to hurting her child who is locked up in prison"; "They planned to kidnap my children other kids I had"; "They

2

both need to be sued"; "I am very motherly, I would love to be with my family reunited into a new home someday"; "My mother died, and under oath, over these people who attacked"; and "I claimed guardianship taxes I filed custody requesting paternity test child care needs provided services temperpeatic [sic] medical records death certificates." *Id.*

"[T]he federal district courts are courts of limited jurisdiction." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). However, here it is unclear whether the Court has jurisdiction over the Plaintiff's claims. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," often referred to as federal question jurisdiction. 28 U.S.C. § 1331. In reading the Plaintiff's claims, there are no facts providing any context for any Defendant's alleged violation of the Plaintiff's rights under the Constitution, a law, or a treaty of the United States.

Alternatively, diversity jurisdiction exists when the plaintiff brings a state law claim and the parties to the action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Here, the Plaintiff alleges a claim involving guardianship, which generally is a state law cause of action. However, if the Plaintiff seeks a "child custody decree," the domestic-relations exception bars such a suit in federal court. *Budorick v. Maneri*, 697 F. App'x 876, 878 (7th Cir. 2017) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701 (1992)). Also, the Plaintiff has not alleged the parties' citizenships and thus has not shown that her state of citizenship is a state different from the state of citizenship of the two defendants. Citizenship of natural persons, such as the Plaintiff and the Defendants, is determined by domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar.*

3

*Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). It appears that the Plaintiff's and the Defendants' domicile is likely Indiana.

Even if there is diversity of citizenship, it appears that the amount in controversy requirement cannot be met as it does not appear that the amount in controversy exceeds $75,000. This is because the Complaint does not list any monetary damages.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until June 29, 2026, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee. If the Plaintiff does not file an amended complaint by the deadline, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until June 29, 2026, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if she does not respond by the deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on June 1, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4