**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

JOVANNI RODRIGUEZ,

      Plaintiff,

      v.                                                                    CAUSE NO.: 2:26-CV-239-TLS-AZ

RICHARD RICARDO GUILLEN, TRACEY
NIXON, and ARIEL PEREZ,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Second Motion for Leave to Proceed In Forma Pauperis [ECF No. 5].

On May 22, 2026, pro se Plaintiff Jovanni Rodriguez filed a Complaint [ECF No. 1] against Defendants Richard Ricardo Guillen and Tracy Nixon and a Motion for Leave to Proceed In Forma Pauperis [ECF No. 2].

On June 1, 2026, the Court entered an Opinion and Order [ECF No. 3] denying the Motion for Leave to Proceed In Forma Pauperis and dismissing without prejudice the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court concluded that, in the allegations of the Complaint made against the two Defendants, it was unclear whether the Court had jurisdiction. This was because, for federal question jurisdiction under 28 U.S.C. § 1331, there were no facts providing any context for either Defendant's alleged violation of the Plaintiff's rights under the Constitution, a law, or a treaty of the United States. *See* ECF No. 3, p. 3. For diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the Plaintiff alleged a claim for guardianship, which generally would be a state law claim. *See id*. Nevertheless, the Court explained that if the Plaintiff was seeking a custody decree, the Court would not have jurisdiction. *See id*. Even still, the Plaintiff did not allege the parties' citizenships and thus did

not show that her state of citizenship was a state different from the state of citizenship of the two defendants. *See id*. Additionally, the Complaint did not list any monetary damages, so it appeared that the amount in controversy requirement exceeding $75,000 could not be met.

For the reasons set forth below, the Court denies the Plaintiff's Second Motion for Leave to Proceed in Forma Pauperis and dismisses without prejudice the Plaintiff's Amended Complaint for failure to state a claim. Because the Amended Complaint fails to address the deficiencies noted in the June 1, 2026 Opinion and Order and contains similar deficiencies to those in the original Complaint, the Court concludes an additional opportunity to amend would be futile.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and

must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Amended Complaint lists three Defendants: Richard Ricardo Guillen, Tracey Nixon, and Ariel Perez. ECF No. 4. It also contains the following sentences: "The DCS workers do not need me to work with them if this case doesn't have paternity hearing on file, but I put in motion because I need to know if this child she kidnapped is my son"; "I know he looks just like father like son"; "And I also believe he slept with the Foster mom"; "Because I want to know why they gave the wrong baby"; "Or if Ariel slept with the other guy whom it which did not mention"; "So, she didn't want her kids she and wanted to kill my mother"; "Because I have children with Richard [and] he was staying with his mother [and] I was pregnant of his biological children!"; "She does not have a child with the father of my kids"; "They did not comply with DCS [and] they let me comply or if would've got custody"; "I have court attorney name is Chantre Irving"; "And that the motion is to sue the case worker Tracy for not filing paternity hearing"; and "And for mother to remain under oath to unto Ariel I'm supposed to help my family." *Id.*

"[T]he federal district courts are courts of limited jurisdiction." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). However, here it is unclear whether the Court has jurisdiction over the Plaintiff's claims. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," often referred to as federal question jurisdiction. 28 U.S.C. § 1331. In reading the Plaintiff's claims, there are no facts providing any context for any Defendant's alleged violation of the Plaintiff's rights under the Constitution, a law, or a treaty of the United States.

Alternatively, diversity jurisdiction exists when a plaintiff brings a state law claim and the parties to the action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Here, the Plaintiff alleges a claim involving paternity and custody, which generally is a state law cause of action. However, if the Plaintiff seeks a "child custody decree," the domestic-relations exception bars such a suit in federal court. *Budorick v. Maneri*, 697 F. App'x 876, 878 (7th Cir. 2017) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701 (1992)). Also, as with the original Complaint, the Plaintiff has not alleged the parties' citizenships and thus has not shown that her state of citizenship is a state different from the state of citizenship of the three defendants. Citizenship of natural persons, such as the Plaintiff and the Defendants, is determined by domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residence" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). It appears that the Plaintiff's and the Defendants' domicile is likely Indiana.

Even if there is diversity of citizenship, it appears that the amount in controversy requirement cannot be met as it does not appear that the amount in controversy exceeds $75,000. This is because, similar to the original Complaint, the Amended Complaint does not list any monetary damages.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). As the Court previously gave the Plaintiff an opportunity to address deficiencies similar to those discussed above, *see* ECF No. 3, the Court finds another opportunity to amend would be futile.

### CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Second Motion to Proceed In Forma Pauperis [ECF No. 5] and DISMISSES the Amended Complaint WITHOUT PREJUDICE. The Court DIRECTS the Clerk of Court to close this case.

SO ORDERED on July 9, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT